\*BOARD OF TRUSTEES OF JACKSON TOWNSHIP, CHAMPAIGN COUNTY ET AL. v. MARY JONES.

1. AUTHORITY OF PROBATE COURT TO REVIEW THE PROCEEDINGS OF TOWNSHIP TRUSTEES, RELATING TO DITCH PROCEEDINGS.

     The probate court on the trial of an appeal from an order of the township trustees under chapter 2, title 6, of the Revised Statutes, relating to township ditches, has no authority to review the proceedings of the trustees for supposed errors or irregularities.

2. JURY ARE TO DETERMINE WHETHER THE DITCH AS ORDERED WILL CONDUCE TO THE PUBLIC HEALTH.

     On the trial of such appeal, the jury are to determine whether the ditch, *as ordered by the trustees*, will conduce to the public health, convenience and welfare, and the compensation and damages resulting from the establishment of the ditch thus ordered.

ERROR to the Court of Common Pleas of Champaign county.

This is a petition in error to reverse the judgment of the court of common pleas, affirming a judgment rendered by the probate court on appeal from an order made by the trustees of Jackson township, for deepening, widening and extending ditch No. 27, on the petition of J. H. Batdorf.

On the trial to a jury in the probate court the appellant, Mrs. Jones, introduced a transcript of the proceedings of the trustees and profile of the improvement, prepared by the engineer, and approved by them. From these it appears, that the improvement ordered extends not only throughout the entire length of ditch No. 27, but 290 feet further in the same direction, connecting with another township ditch, and affording the additional fall made necessary by the increased depth of the ditch. Thereupon it was claimed by appellant's counsel, that the trustees were without authority to extend the improvement beyond the original limits of ditch No. 27; that so much of their order as in this view was unauthorized, was to be utterly disregarded in the trial of the appeal, and that the jury, in determining whether the proposed improvement would be conducive to the public health, convenience or welfare, should limit the inquiry to the deepening and widening of the original ditch, excluding from their consideration the provision made in the order for extending the improvement.

This view was adopted by the probate court. In accordance therewith, evidence was admitted against the objection of the appellees to show that to deepen the old ditch without extending it, would cause water to stand and become stagnant at and near its terminus, and would not conduce to the public health, etc. The court also excluded evidence offered by them, tending to show that the improvement as ordered by the trustees, including the deepening, widening and extending of the ditch, would conduce to the public health, etc.

Consistently with this view it instructed the jury, that in determining the probable effect of the improvement they were to regard only the deepening and widening of the original ditch; and it refused to give instructions requested by the appellees, which would have required the jury to ascertain the effect of the entire improvement as ordered by the trustees. The verdict was that the proposed improvement would not conduce to the public health, convenience or welfare.     .

---

\*This case was affirmed by the Supreme Court, without report, March 15, 1892.

SHAUCK, J.

A little attention to the nature of the proceeding on appeal, and to the powers and duties of the probate court in the premises, will solve many of the doubts that have been suggested in the argument. The appeal did not constitute the probate court a court of error to review the proceedings of the trustees, or authorize it to pass upon any supposed errors or irregularities therein. Miller v. Webber, et al., *ante* 77. Nor did the appeal vest that court with chancery powers, to annul or restrict the action of the trustees as being in excess of the authority conferred by the statute, or invoked by the petition.

The powers of the probate court, in a proceeding of this character, are much more clearly defined than are those of the trustees. Chapter 2 of title 6 of the Rev. Stat., is the only source of authority in the premises, whether of the trustees originally or the probate court on appeal. When Mrs. Jones took her appeal from the order of the trustees to the probate court, she recognized the binding and conclusive character of that order, except as it might be affected by the exercise of the appellate jurisdiction which she invoked. The mode of taking the appeal, and the duties of the probate judge and the jury thereafter, are prescribed in secs. 4533 to 4539. The first three of the sections named relate to the mode of taking the appeal; and no question is made here under any of their provisions.

Section 4536 provides, that the probate judge shall hear and determine all preliminary questions relating to the case, and if he find that the appeal has not been perfected according to this chapter, he shall dismiss the case at the cost of the appellant, and certify such dismissal to the trustees of the township. Sec. 4437 provides, that if the probate judge finds the preliminary proceedings *for appeal* in substantial conformity with the provisions of the chapter, he shall select a jury and notify them of their election These provisions restrict the inquiries of the probate judge to the preliminary proceedings pertaining to the appeal. He is to ascertain whether they are in substantial conformity with the provisions of the chapter. If they are not, the statute provides that his order shall dismiss the appeal. If they are, it requires him to call a jury.

The subjects of investigation by the jury, are clearly pointed out in sec. 4538 and 4539. Before any testimony shall be given, except the plat and field notes of the ditch, if there be any, and the title papers of the claimants if produced, they shall proceed to examine the ditch *as established or ordered*, and the property of the several claimants taken therefor or, alleged to be injured thereby. After such examination and the hearing of the testimony, they are to render a verdict in writing, thereby finding :

First—Whether it will be conducive to the public health, convenience or welfare, to cause the proposed ditch to be established or located.

Second—If they find in favor of the location, the amount due claimants as compensation ; and, third, the amount due all parties claiming the same.

They are not to take the petition to the trustees as their guide, but the plat and field notes. They are not to proceed to examine the ditch described in the petition, but "the ditch as established or ordered." Whether the ditch *so established or ordered* will be conducive to the public health, convenience or welfare, is the question which they must first determine. That this ditch may differ from that petitioned for, is plainly contemplated by the statute. Sec. 4520 provides, that the trustees may change the route on their own motion, and sec. 4525 that they may change it on the written request of any person interested in its location. The appeal is from the order of the trustees locating the ditch, and the propriety of the ditch thus ordered is the sole subject of inquiry on appeal.

In this statutory proceeding the probate court had only such authority as is conferred upon it by the statute. We do not mean to intimate that the trustees were without power under the statute to make the order in question, or that the exercise of that power was not invoked by Batdorf's petition ; but if both

points are conceded to the defendant in error, it is clear that they were not available on the trial of this appeal.

By excluding the testimony offered by the plaintiffs in error touching the effect on the public health of the ditch as ordered by the trustees, the probate court withheld from the jury information upon the question which the statute made it their duty to determine; and by the admission of evidence as to the effect of a ditch supposed to be contemplated in Batdorf's petition, it diverted their attention to a question which they had no authority to determine. And so, by the giving and refusing of instructions, they were forbidden to make the finding which the statute enjoins.

The judgment of the court of common pleas will be reversed; and for the errors indicated that of the probate court will be reversed also; and the cause will be remanded to the probate court for further proceedings.

L. Geiger and T. J. Frank, for plaintiffs in error.

John S. Leedom and Geo. M. Eichelberger, contra.